## Kern v. Pennsylvania Assigned Claims Plan

*Gary C. Hoicker*, for petitioner.
*Gladys R. Buck*, for respondent.

LORD, *J.*, March 23, 1982—This matter involves a petition to compel the Pennsylvania Assigned Claims Plan (hereinafter Assigned Claims Plan) to

appoint an arbitrator and proceed to arbitration on a claim for uninsured-motorist benefits. Because the Pennsylvania No-fault Motor Vehicle Insurance Act (hereinafter No-fault Act) established the Assigned Claims Plan for the purpose of designating a participating insurer when appropriate, see 40 P.S. §1009.108(a)(1), this court holds that a claimant seeking to recover uninsured-motorist benefits must proceed by filing a petition to compel the Assigned Claims Plan to designate a servicing insurer when the Assigned Claims Plan refuses to assign a properly alleged claim.

Petitioner Regina Kern, who was insured by Safeguard Mutual Insurance Company (hereinafter Safeguard), alleges she was involved in an automobile accident with another uninsured vehicle. Petitioner was the driver of the vehicle insured by Safeguard. Because Safeguard was suspended by the insurance commissioner, petitioner sought to recover her basic-loss benefits and her uninsured-motorist benefits by petitioning this court to compel the Assigned Claims Plan to proceed in arbitration. Petitioner did not petition the court to compel the Assigned Claims Plan to assign her claim to an insurer. The Assigned Claims Plan paid petitioner her basic-loss benefits directly and did so without assigning a servicing insurer pursuant to the Assigned Claims Plan.[1] However, the Assigned Claims Plan refused petitioner's request to proceed in arbitration on the uninsured-motorist benefits claim.

---

1. This court notes that the propriety of the payment of basic-loss benefits is not at issue. See Pa. Assigned Claims Plan v. Ins. Comm. of Commonwealth, 54 Pa. Commw. 93, 420 A.2d 25 (1980). Rather the issue before us is whether a claimant can compel the Assigned Claims Plan to proceed in arbitration when the claimant seeks to recover uninsured-motorist benefits.

The No-fault Act established the Assigned Claims Plan to provide a method for the assignment of claims to a participating insurer when no policy of insurance exists. 40 Pa.S.A. §1009.108(b)(2). Section 108(b)(2) of the No-fault Act provides in pertinent part that:

"(2) The assigned claims bureau shall promptly:

(A) assign each claim for no-fault benefits to an assignee who shall be a participating insurer; and

(B) notify the claimant of the identity and address of such assignee.

Claims shall be assigned so as to minimize inconvenience to claimants."

The above section evinces a legislative intent that the Assigned Claims Plan is merely required to designate a servicing insurer when a claimant sets forth facts which, if believed, entitle the claimant to have the claim assigned. 40 Pa.S.A. §1009.108-(a)(1)(A)-(E). The Assigned Claims Plan is not statutorily obligated to proceed in arbitration on the claim itself.[2]

Therefore, because the Assigned Claims Plan can not be required to proceed in arbitration on an uninsured motorist benefits claim, the petition to appoint an arbitrator is denied.

---

2. The issue of whether the Assigned Claims Plan could be required, or indeed whether it has the power, to pay out uninsured-motorist benefits itself directly is not before this court.

This court merely holds that a claimant can not compel the Assigned Claims Plan to proceed in arbitration on an uninsured-motorist benefits claim. Accord Weaver v. Travelers, no. 1619, January term, 1982 (Opinion by Lord, J., filed March 23, 1982) (claimant seeking uninsured-motorist benefits from insurer designated pursuant to Assigned Claims Plan must seek benefits in an action in assumpsit, not by arbitration).

## ORDER

Now this March 23, 1982, it is hereby ordered and decreed that the petition to appoint an arbitrator and proceed in arbitration of the claimant, Regina Kern, is denied.